Shannon B. Nakabayashi (State Bar No. 215469)
Swaja Khanna (State Bar No. 334833)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
E-mail: Shannon.Nakabayashi@jacksonlewis.com
E-mail: Swaja.Khanna@jacksonlewis.com

Attorneys for Defendant
REVATURE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYLA SHAMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REVATURE LLC, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT REVATURE LLC'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1332(d) and 1441(b)**<br><br>Complaint Filed:  02/14/2022<br>Trial Date:  Not set |

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF LEYLA SHAMS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant REVATURE LLC ("Defendant") hereby invokes this Court's jurisdiction under 28 U.S.C §§ 1332(d), and removes, pursuant to 28 U.S.C. §1441, the above-entitled action to this Court from the Superior Court of the State of California in and for the County of Santa Clara ("State Court").

Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal with this Court together with filing a notice with the State Court, effectuates the removal of this action.

///

# BACKGROUND

1. On February 14, 2022, Plaintiff Leyla Shams ("Shams" or "Plaintiff") filed an unverified civil complaint against REVATURE LLC ("Defendant") in the Superior Court of the State of California in and for the County of Santa Clara entitled "*Leyla Shams, as an individual and on behalf of all others similarly situated v. Revature LLC, a Virginia corporation; and Does 1 through 50 inclusive,*" No. 22CV394270. In her Complaint, Plaintiff asserts the following five causes of action on behalf of herself and a class of individuals and aggrieved employees she seeks to represent: (1) Violation of Labor Code § 2802 (Exh. A to Notice of Removal (Complaint) ("Compl.") ¶¶ 36-40); (2) Violation of Business & Professions Code § 16600 (*Id.* at ¶¶ 41-47); (3) Violation of Business & Professions Code § 17200 (*Id.* at ¶¶ 48-52); (4) Negligent Misrepresentation (*Id.* at ¶¶ 53-57); and (5) Violation of Labor Code §§ 2698, *et seq.* (*Id.* at 58-61).

2. A complaint was filed against Defendant in the Santa Clara Superior Court, entitled *Leyla Shams v. Revature LLC*. Defendant was served with the Complaint on February 16, 2022. The Complaint was the only pleading served on Defendant. (Declaration of Carol Baxter in Support of Notice of Removal ("Baxter Decl."), ¶ 3.) Copies of the Summons, Complaint, and other related court documents are attached as **Exhibit A** to this Notice of Removal.

3. On March 16, 2022, Defendant filed an Answer to the Complaint in the Superior Court of the State of California in and for the County of Santa Clara. A true and correct copy of Defendant's Answer is attached as **Exhibit B** to this Notice of Removal.

4. **Exhibits A and B** constitute all pleadings that have been filed or served in this action as of the date of the filing of this Notice of Removal.

## JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

5. The Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d)(2), states in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of

plaintiffs is a citizen of a State different from any defendant.

6. In addition, CAFA confers federal court jurisdiction only where the proposed class involves 100 or more members or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332(d)(5).

7. As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving more than 100 members, the matter in controversy—based on the allegations in the Complaint—exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from Defendant. *See* 28 U.S.C. §§ 1132(d) and 1453. Furthermore, Defendant is not a State, State official, or other governmental entity.

**Plaintiff and Defendant Are Citizens of Different States**

8. CAFA's diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a state different from any defendant; when at least one member of a class is a citizen of a foreign state and one defendant is a U.S. citizen; or when at least one member of a class of plaintiffs is a U.S. citizen and one defendant is a citizen of a foreign state. 28 U.S.C. § 1332(d)(2).

9. A natural person's citizenship is determined by her state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is permanent home, where [she] resides with the intention to remain or to which intends to return." *Id.* (internal citation omitted).

10. For minimal diversity purposes, CAFA provides that "a limited liability company is an unincorporated association. . . and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business." *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (internal citations omitted); *Marroquin v. Wells Fargo, LLC*, No. 11-CV-163-L-BLM, 2011 U.S. Dist. LEXIS 10510, 2011 WL 476540 (S.D. Cal. Feb. 3, 2011) (applying Ferrell to find whether minimum diversity existed); *see also Lafountain v. Meridian Senior Living,* No. CV 15-03297-RGK (PJWx), 2015 U.S. Dist. LEXIS 84134, at *5 n.2 (C.D. Cal. Jun. 29, 2015.

11. Diversity of citizenship is determined "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002) (internal citations omitted).

12. Plaintiff does not disclose her citizenship in her Complaint. Defendant is informed and believes, and based thereon alleges, that Plaintiff is an individual residing in the State of California, and therefore, is a citizen of California. (Baxter Decl., ¶ 4.)

13. Defendant Revature LLC was, at the time of filing, and still is, a limited liability company formed under the laws of the State of Virginia. (Baxter Decl., ¶ 5.) At all relevant times, Defendant's principal place of business has been in Reston, Virginia because its corporate headquarters are located there, and the majority of executive and administrative functions are directed, controlled, and coordinated from there. (*Id.*) As such, Defendant is a citizen of the State of Virginia only.

14. Based on the above, the minimal diversity requirement of CAFA removal is satisfied since Plaintiff is a citizen of California, whereas Defendant is a citizen of a different state, Virginia.

### The Putative Class Consists of More Than 100 Members

15. Plaintiff brings this action on behalf of herself and "a class of all current and former employees who worked for Defendant at any time from February 11, 2018, through the present, in the State of California" and a subclass of "all current and former employees who worked for Defendants at any time from February 11, 2018, through the present, in the State of California and who participated in Defendant's Training Program. . . ." (Compl., ¶¶ 23(a) – (b).)

16. Based on a review of Defendant's records, Defendant employed approximately 528 employees in California during the time period between February 11, 2018 to January 25, 2022. (Baxter Decl., ¶ 6.)

17. Therefore, Plaintiff's claims satisfy CAFA's numerosity requirement.

### The Purported Amount in Controversy Exceeds $5,000,000

18. CAFA authorizes the removal of class actions in which the amount in controversy exceeds $5,000,000. 28 U.S.C. §1332(d).

19. In *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014), the United States Supreme Court held that where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554 (emphasis added); *see Mackall v. HealthSource Global Staffing, Inc.*, 2016 U.S. Dist. LEXIS 11929, at *8 (N.D. Cal. Sept. 2, 2016) ("[T]he burden to establish the amount in controversy by a preponderance of the evidence does not require the defendant to 'research, state, and prove the plaintiff's claim for damages.'"). Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys' R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) *quoting Dart*, 135 S. Ct. at 554. To the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015).

20. As outlined below, the Complaint places an amount in controversy exceeding $5,000,000.[1] The amount in controversy exceeds $5,000,000 based on the First Cause of Action for the violation of California Labor Code § 2802.

21. The below estimates of the amount in controversy reach the jurisdictional threshold under CAFA without including the additional amounts in controversy alleged under Plaintiff's other four causes of action for violation of California Business & Professions Code § 16600, violation of California Business & Professions Code § 17200, negligent misrepresentation, and violation of California Labor Code § 2698, *et seq.*, and without considering Plaintiff's request for costs and attorneys' fees. This further establishes that this Court has jurisdiction over this putative class action under CAFA.

---

[1] Defendant denies each and every allegation set forth by Plaintiff in the Complaint and denies that Plaintiff or the putative class members are entitled to any compensatory or statutory damages, injunctive relief, restitution, civil penalties, attorneys' fees, or any other form of relief. Defendant also denies that this action can proceed as a class action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the Complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096.

1        a.    Under the First Cause of Action for violation of California Labor Code § 2802, Plaintiff seeks on behalf of herself and "all current and former employees who worked for [Defendant] at any time from February 11, 2018, through the present, in the State of California" and "all current and former employees who worked for [Defendant] at any time from February 11, 2018, through the present, in the State of California and who participated in Defendant's Training Program," "the unpaid balance of the full amount of damages owed, including interest thereon . . . ." (Compl. ¶¶ 23(a)-(b), 40.)

       b.    Plaintiff alleges that Defendant "failed to reimburse its employees for all business related-expenses, including without limitation, the costs of the Training Program required to work for Defendants and the costs incurred with use of personal cellular phones." (Compl. ¶ 37.) Plaintiff also alleges that Defendant "regularly required Plaintiff and other employees to undergo Defendant's Training Program, use their computer and internet for work-related purposes, and use their personal cell phones in order to communicate." (*Id.*) She further alleges that Defendant required Plaintiff and other employees to pay back the cost of the Training Program if the employees did not meet certain requirements, such as length of tenure with Defendant. (Compl. ¶ 38.) Plaintiff also alleges that Defendant "had a uniform corporate pattern and practice and procedure regarding the above practices in violation of Labor Code § 2802." (Comp. ¶ 39.)

       c.    Plaintiff alleged that her claims are typical of those of the putative class and that she was subject to a common policy or practice (Compl. ¶ 26, 28, 29.)

       d.    Plaintiff alleges that Defendant unlawfully sought to recoup an amount in excess of $30,000 for Training Program expenses from her in violation of Labor Code 2802. (Compl. ¶¶ 21, 38.)

       e.    Based on a review of Defendant's payroll records, at least 528 employees worked for Defendant in California between February 11, 2018, and January 25, 2022. (Baxter Decl., ¶ 6.)

       f.    Therefore, based on the allegations in the Complaint, the amount in controversy from this claim equals at least $15,840,000 ($30,000 x 528 putative class members).

22. Plaintiff also seeks reimbursement for specific costs such as "cell phone" expenses. (Compl. ¶ 37) Labor Code § 2802 requires an employer to reimburse an employee's cell phone bill for work-related calls. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1140. The amount above does not include these additional itemized person expenses, which would further increase the total amount in controversy. Plaintiff's California Business & Professions Code § 16600 and negligent misrepresentation claims may also further increase the amount in controversy.

23. Finally, the above estimate of the amount in controversy based on Plaintiff's allegations reaches the jurisdictional threshold under CAFA without including the unspecified amount of attorneys' fees that Plaintiff seeks. (Compl., p. 13 [Prayer for Relief]). In determining whether a complaint meets the amount in controversy threshold for removal under 28 U.S.C. § 1332, a court must also consider the value of claims for attorneys' fees. *See Goldberg v. CPC Int'l, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).

24. Although Defendant denies Plaintiff's claim for attorneys' fees, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees. *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund). Twenty-five percent of $15,840,000 is $3,960,000. Therefore, the potential amount in controversy based on the allegations in in the Complaint is $19,800,000 ($15,840,000 + $3,960,000).

25. Based on the foregoing, all requirements for removal under CAFA are satisfied here.

## **SUPPLEMENTAL JURISDICTION**

26. Plaintiff alleges that Defendant engaged in unfair business practices in violation of California Business & Professions Code §§ 17200 *et seq.* as a result of the conduct alleged above and seeks full restitution of all money withheld, converted or acquired by Defendant. (Compl, ¶ 51.) Pursuant to California Labor Code §§ 2698 *et seq.*, she also seeks recovery of all applicable civil penalties for Defendant's Labor Code violations against all aggrieved employees.

1  (*Id.*, ¶¶ 59-61.)

2  27. To the extent any of Plaintiff's claims are not removable under CAFA, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), because they are part of the same common nucleus of operative facts over which this Court has original jurisdiction.

**Defendant is Not a Governmental Official or Entity**

28. Defendant is a company and not a state, a state official, or any other governmental entity. (Baxter Decl. ¶ 5.)

**VENUE**

29. For purposes of removal only, venue properly lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a). Section 1441(a) provides, in relevant part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

30. As indicated above, Plaintiff brought this action in the Superior Court of the State of California, in and for the County of Santa Clara. The United States District Court for the Northern District encompasses this territory. 28 U.S.C. § 84(d).

**TIMELINESS OF REMOVAL**

31. Plaintiff served Defendant with the Complaint on February 16, 2022. Therefore, this Notice of Removal is timely because this Notice of Removal is filed within thirty days after Defendant was served with papers from which it could first be ascertained that the case was removable. 28 U.S.C. § 1446(b).

**NOTICE TO PLAINTIFF AND STATE COURT**

32. In accordance with 28 U.S.C. § 1446(d), Defendant's counsel certifies that a copy of this Notice of Removal and all supporting papers will be served on Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California, in and for the County of Santa Clara. As such, all procedural requirements under Section 1446 are satisfied.

///

# CONCLUSION

33. For the reasons set forth above, Defendant maintains that this action is properly removed to this Court.

Dated: March 18, 2022

JACKSON LEWIS P.C.

By: /s/ Shannon B. Nakabayashi
Shannon B. Nakabayashi
Swaja Khanna
Attorneys for Defendant
REVATURE LLC

4859-1281-7682, v. 2