Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (SBN 170131)
bill@polarislawgroup.com
**POLARIS LAW GROUP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Telephone: (831) 531-4214
Facsimile: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYLA SHAMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>REVATURE LLC, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 22-cv-01745-NC<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS**<br><br>Date: **August 24, 2022**<br>Time: **1:00 p.m.**<br>CrtRm: **5** |

1

**TABLE OF CONTENTS**

Page

I. SUMMARY OF OPPOSITION ................................................................................................ 6

II. *VIKING RIVER* CONFIRMS CALIFORNIA LAW PROHIBITS WHOLESALE WAIVERS OF PAGA ACTIONS .................................................................................................. 7

  A. The Agreement Impermissibly Waives the Right to Bring a PAGA Action ................ 7

  B. The Arbitration Agreement's Wholesale Waiver of PAGA Claims Is Unenforceable ..................................................................................................................................... 9

III. THE ARBITRATION AGREEMENT'S SEVERABILITY PROVISION RENDERS THE ENTIRE AGREEMENT "NULL AND VOID." ............................................................ 10

IV. ALTERNATIVELY, IF THE COURT DETERMINES SEVERANCE IS APPROPRIATE, THE ARBITRATION AGREEMENT IS PERMEATED WITH UNCONSCIONABILITY .................................................................................................. 11

  A. Invalid Choice of Law Provision ....................................................................... 12

  B. Defendant Improperly Seeks to Restrict Plaintiff's Ability to Seek Public Injunctive Relief............................................................................................................................... 13

  C. A Mandatory Employment Arbitration Agreement Violates Labor Code § 432.6 ... 14

V. IF INCLINED TO GRANT DEFENDANT'S MOTION, THE COURT SHOULD NOT DISMISS PLAINTIFF'S NON-INDIVIDUAL PAGA CLAIMS. ......................................... 15

VI. IN THE ALTERNATIVE, PLAINTIFF REQUESTS THAT THE COURT STAY THIS ACTION AND/OR DEFER RULING.......................................................................... 18

VII. CONCLUSION ........................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 828 (9th Cir. 2019) ....................................................... 13

*Carbajal v. Rentokil N. Am., Inc.*, No. 17-CV-06651-YGR, 2018 WL 3304635, at *4 (N.D. Cal. July 5, 2018) ................................................................................................................................ 12

*Chamber of Commerce v. Bonta*, 13 F.4th 766, 778 (9th Cir. 2021) ............................................ 14

*Clinton v. Jones*, 520 U.S. 681, 706 (1997) .................................................................................. 18

*Cole v. Richardson*, 405 U.S. 676, 697 (1972) ............................................................................. 15

*Convergence Techs. (USA), LLC v. Microloops Corp.*, 2012 WL 1232187, at *2 (N.D. Cal. Apr. 12, 2012) ................................................................................................................................. 19

*Gabriella v. Wells Fargo Fin., Inc.*, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009) ............. 18

*Granite Rock Co. v. Teamsters*, 561 U.S. 287, 299 (2010) ........................................................... 11

*Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 542 (9th Cir. 2021) ........................... 13

*Hollingsworth v. Perry*, 570 U.S. 693, 717-18 (2013) .................................................................. 15

*Kooiman v. Siwell, Inc.*, No. 820CV00565JLSDFM, 2021 WL 899095, at *5 (C.D. Cal. Jan. 4, 2021) ....................................................................................................................................... 13

*Larson v. Trans Union, LLC*, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) ..................... 19

*Lew v. Countrywide Financial Corp.*, 2009 WL 1384975, at *2 (N.D. Cal. Feb. 24, 2009) ........ 18

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) .................................................... 18

*MacClelland v. Cellco P'ship*, No. 21-CV-08592-EMC, 2022 WL 2390997, at *16 (N.D. Cal. July 1, 2022) ................................................................................................................. 12, 13, 14

*Minor v. FedEx*, 2009 WL 1955816, at *1-2 (N.D. Cal. July 6, 2009) ........................................ 19

*Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) ... 19

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) .................................... 11

*Trevino v. Acosta, Inc.*, No. 17-CV-06529 NC, 2018 WL 3537885, at *7 (N.D. Cal. July 23, 2018) ....................................................................................................................................... 12

*Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ............................................ passim

*Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) .......................................................................................................................... 11

**State Cases**

*Adolph v. Uber Technologies,* Case No. S274671 (2022) ................................................ 7, 18, 19

*Arias v. Superior Court*, 46 Cal. 4th at 986 (2009) ............................................................... 9

*Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 124 (2000) ................ 11, 12

*Freiberg v. City of Mission Viejo*, 33 Cal.App.4th 1484, 1489 (1995) ....................................... 18

*Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 757 (2018) ................................. 17

*Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014) ......................... 7, 8, 9

*Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal.App.5th 924, 928 (2021) .............................. 17

*Kec v. Superior Court of Orange County*, 51 Cal. App. 5th 972 (2020) ................................ 10, 11

*Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 86 (2020) ................................................. passim

*Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1074 (2003) ......................................................... 10

*Lopez v. Friant & Assocs., LLC* 15 Cal.App.5th 773, 784-85 (2017) ......................................... 17

*Maldonado v. Fast Auto Loans, Inc.*, 60 Cal. App. 5th 710, 275 (2021) ..................................... 14

*Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 116 (2004) ......................................... 13

*McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017) ............................................................. 6, 13

*Mejia v. DACM Inc.*, 54 Cal. App. 5th 691, 268 (2020) ............................................................ 14

*Marathon Entm't*, 42 Cal.4th at 996 (2008) ............................................................................. 10

*Mercuro v. Superior Court*, 96 Cal.App.4th 167, 184–85 (2002) .............................................. 10

*Midwest Motor Supply Co. v. Superior Ct. of Contra Costa Cnty.*, 56 Cal. App. 5th 702, 715 (2020) .......................................................................................................................... 12

*Ontiveros v. DHL Exp. (USA), Inc.*, 164 Cal.App.4th 494, 515 (2008) ..................................... 10

*Osborne v. Yasmeh*, 1 Cal.App.5th 1118, 1127 (2016) ............................................................. 16

*Raines v. Coastal Pacific Food Distributors, Inc.*, 23 Cal.App.5th 667, 670 (2018) .................. 17

*Securitas Security Services USA, Inc. v. Superior Court*, 234 Cal. App. 4th 1109 (2015) .......... 10

*Weatherford v. City of San Rafael*, 2 Cal.5th 1241, 1246 (2017) .............................................. 16

**Statutes**

9 U.S.C. § 1 et seq. .................................................................................................................... 6

PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY PROCEEDINGS

Labor Code § 2698 et seq. .................................................................................................. 6

Labor Code § 432.6 ...................................................................................................... 6, 14

Labor Code § 925(a) ..................................................................................................... 6, 12

PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION
AND DISMISS OR STAY PROCEEDINGS

I.      SUMMARY OF OPPOSITION

Plaintiff Leyla Shams ("Plaintiff") does not dispute that she was required to sign an arbitration agreement as a condition of her employment with Defendant Revature LLC ("Defendant"). The terms of the agreement, however, require denial of Defendant's motion to compel arbitration of Plaintiff's claims.

The arbitration agreement includes a "Form of Arbitration" provision that imposes a wholesale waiver of representative and/or private attorney general claims under California's Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq. ("PAGA"). California law prohibits such waivers. And as the Supreme Court confirmed in *Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906 (2022) ("*Viking River*"), this prohibition is not preempted by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"). As a result, the Form of Arbitration provision is unenforceable.

The agreement contains a severability clause that provides:

> 13.  **Severability:** If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and that adjudication shall not affect the validity of the remainder of this Agreement; provided, however, that ==if the "Form of Arbitration" provision above prohibiting class, collective, multiple-party, or other group arbitration is deemed invalid, then this entire Agreement shall be null and void.==

Baxter Decl., Ex. A, ¶ 13, Dkt. No. 14-2 (highlight provided). The express terms of the agreement therefore deem the entire agreement "null and void" because the representative action waiver is invalid. Enforcement of the agreement is not an option.

If the Court determines that severance is appropriate, the agreement is so permeated with unconscionability that it is unenforceable. The agreement contains a choice of law provision, which purports to apply Virginia law, that is invalid pursuant to Labor Code § 925(a); it impermissibly precludes Plaintiff from bringing an action for public injunctive relief in violation of *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017); and it was required as a condition of employment in violation of Labor Code § 432.6. These unlawful provisions taken together preclude severance without the Court entirely rewriting the Parties' agreement.

The Court should also deny Defendant's request to dismiss Plaintiff's non-individual PAGA claim. As explained by the California Supreme Court in *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 86 (2020), an individual's standing under the PAGA is dependent only on

whether he or she was employed by the defendant and whether that person experienced a Labor Code violation. Plaintiff satisfies those requirements here, and will do so even if required to arbitrate her individual, non-representative PAGA claim. Accordingly, the Court should deny Defendant's Motion.

Plaintiff requests, in the alternative, that the Court stay this action and/or defer ruling on Defendant's Motion pending the California Supreme Court's decision in *Adolph v. Uber Technologies*, Case No. S274671, which, as explained below, will address many of the state-law questions regarding PAGA standing created by *Viking River*.

## II.   *VIKING RIVER* CONFIRMS CALIFORNIA LAW PROHIBITS WHOLESALE WAIVERS OF PAGA ACTIONS

### A.   The Agreement Impermissibly Waives the Right to Bring a PAGA Action

Defendant's agreement unequivocally and illegally purports to waive the right to bring a private attorney general action in any forum. The "Form of Arbitration" provision provides:

> 6. **Form of Arbitration:** Employee and Employer expressly understand and acknowledge that by signing this Agreement they are ==waiving their rights to pursue class action, collective action, multiple-party, and private attorney general remedies in any court and in any arbitration forum==, except as expressly provided herein. In any arbitration, any Claim shall be arbitrated only on an individual basis and ==not on a class, collective, multiple-party, or private attorney general basis==. Employee and Employer expressly waive any right to arbitrate as a class representative, as a class member, in a collective action, or in or pursuant to a private attorney general capacity, and there shall be no joinder or consolidation of parties. Employee and Employer expressly intend and agree that class action and collective action procedures shall not be asserted, and will not apply, in any arbitration under this Agreement; each Party will not assert class or collective action claims against the other in arbitration, court, or any other forum; each Party shall only submit their own individual claims in arbitration and shall not bring claims against the other in any representative capacity on behalf of any other individual; and any claims by the Employee will not be joined, consolidated, or heard together with claims of any other current or former employee of Employer.

Baxter Decl., Ex. A, ¶ 6, Dkt. No. 14-2 (highlighting provided).

On June 15, 2022, in *Viking River*, the Supreme Court determined "whether the Federal Arbitration Act, 9 U.S.C. § 1 et seq., preempts a rule of California law that invalidates contractual waivers of the right to assert representative claims under [the PAGA]." The Supreme Court held that California's "prohibition on wholesale waivers of PAGA claims is not preempted by the FAA." 142 S. Ct. at 1913.

The Supreme Court left intact the California Supreme Court's decision in *Iskanian v. CLS*

*Transportation Los Angeles, LLC*, 59 Cal. 4th 348 (2014) to the extent it held that "pre-dispute agreements to waive the right to bring representative PAGA claims are invalid as a matter of public policy." *Viking River*, 142 S. Ct. at 1916. In holding that California's "prohibition on wholesale waivers of PAGA claims is not preempted by the FAA," *Viking River* explains that a PAGA suit—which definitionally is always a private attorney general action and thus "representative"—is representative in two distinct ways. *Viking River*, 142 S. Ct. at 1916.

*First*, "PAGA actions are 'representative' in that they are brought by employees acting as representatives—that is, as agents or proxies—of the State." *Viking River*, 142 S. Ct. at 1916. As both the Supreme Court and the California Supreme Court have explained, "'*every* PAGA action is ... representative' and '[t]here is no individual component to a PAGA action,' because every PAGA claim is asserted in a representative capacity." *Id.* (quoting *Kim*, 9 Cal. 5th at 86; *Iskanian*, 59 Cal. 4th at 387) (emphasis in original).

*Second*, "PAGA claims are also called 'representative' when they are predicated on code violations sustained by other employees." *Viking River*, 142 S. Ct. at 1916. Stated differently, "PAGA's built-in mechanism of claim joinder" permits "PAGA claims arising out of events involving other employees." *Id.* at 1912, 1916. Thus, although all PAGA claims are private attorney general claims (and thus representative in that sense), some "PAGA claims arising out of events involving other employees" are *additionally* representative in a second sense. *Id.*

Distinguishing PAGA claims that are representative in the first, private attorney general sense only from PAGA claims that are representative both by virtue of their private attorney general nature and joinder attributes, *Viking River* refers to the former as "individual PAGA claims" and the latter as "non-individual PAGA claims." Individual PAGA claims are not individual claims; they still are representative claims in the first sense (and retain their fundamental private attorney general nature). *Viking River*, 142 S. Ct. at 1916.

With this understanding, the Supreme Court explained how California law prohibits waivers of "representative" PAGA claims: "*Iskanian*'s principal rule prohibits waivers of "representative" PAGA claims in the first sense. That is, it prevents parties from waiving representative standing to bring PAGA claims in a judicial or arbitral forum." *Viking River Cruises, Inc.*, 142 S. Ct. at 1916-17. It then confirmed that "[n]othing in the FAA establishes a

categorical rule mandating enforcement of waivers of standing to assert claims on behalf of absent principals." *Id.* at 1922. Specifically, "*Iskanian*'s principle rule"—a prohibition on wholesale waivers of private attorney general claims—is not preempted by the FAA. *Id.* at 1913.

Applying these principles to the arbitration agreement at issue in *Viking River*, the Supreme Court explained:

> The agreement between Viking and Moriana purported to waive "representative" PAGA claims. Under *Iskanian*, this provision was invalid if construed as a wholesale waiver of PAGA claims. And under our holding, that aspect of *Iskanian* is not preempted by the FAA, so the agreement remains invalid insofar as it is interpreted in that manner. But the severability clause in the agreement provides that if the waiver provision is invalid in some respect, any "portion" of the waiver that remains valid must still be "enforced in arbitration."

*Viking River Cruises, Inc.*, 142 S. Ct. at 1924-25.

### B. The Arbitration Agreement's Wholesale Waiver of PAGA Claims Is Unenforceable.

Defendant seeks to enforce an arbitration agreement that waives the ability of Plaintiff to bring a representative/private attorney general action altogether. Like in *Viking River*, the plain language of the agreement unequivocally waives the right to bring a "representative" action and even goes further by precluding any action as a "private attorney general." Baxter Decl., Ex. A, ¶ 6, Dkt. No. 14-2. This directly contradicts the holding of *Iskanian* left intact by the Supreme Court in *Viking River*. *Viking River*, 142 S. Ct. at 1924–25 (explaining not all of *Iskanian* is preempted).

Without citation to any provision of the agreement, Defendant contends that "Revature is also entitled to enforce the Agreement as it mandates arbitration of Plaintiff's individual PAGA claim." Mot. at 11:22-24, Dkt. No. 14. This statement begs the question: which portions of the agreement does Defendant contend encompass Plaintiff's individual PAGA claims? The plain language of the agreement explicitly *precludes* the arbitration or assertion of any claims that are "representative" in nature or on a "private attorney general basis." Baxter Decl., Ex. A, ¶ 6, Dkt. No. 14-2. As explained by the Supreme Court, every PAGA claim is "representative" because it requires the plaintiff stepping into the shoes of the State of California to enforce the Labor Code. *Viking River*, 142 S. Ct. at 1916; *see also Arias*, 46 Cal. 4th at 986. Thus, what provision contemplates the arbitration of Plaintiff's individual representative PAGA cause of action, as

Defendant contends? Ultimately, because the agreement purports to waive the ability to pursue a representative claim, it runs afoul of what's left of *Iskanian* and the representative action waiver is impermissible.

### III. THE ARBITRATION AGREEMENT'S SEVERABILITY PROVISION RENDERS THE ENTIRE AGREEMENT "NULL AND VOID."

Considering the unenforceable waiver of representative claims, the Parties' agreements as to severability are most relevant. In considering severance, California courts consider whether "the central purpose of the contract is tainted with illegality," and whether "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement." *Ontiveros v. DHL Exp. (USA), Inc.*, 164 Cal.App.4th 494, 515 (2008); *see also Little v. Auto Stiegler, Inc.*, 29 Cal.4th 1064, 1074 (2003); *Mercuro v. Superior Court*, 96 Cal.App.4th 167, 184–85 (2002). In each case, the dispositive question is whether "the central purpose of the contract" is so tainted with illegality that there is no lawful object of the contract to enforce. *Marathon Entm't*, 42 Cal.4th at 996.

Where an agreement contains a "poison pill" provision, courts routinely nullify entire agreements even where a severance clause exists. *See, e.g., Kec v. Superior Court of Orange County*, 51 Cal. App. 5th 972 (2020). In *Kec v. Sup. Ct. of Orange County*, 51 Cal. App. 5th 972 (2020), Section 5 of the arbitration agreement contained a PAGA waiver that stated: "The Parties waive the right to bring, join, participate in, or opt into, a class action, collective action, or other representative action whether in court or in arbitration." 51 Cal. App. 5th at 976. The arbitration agreement also contained a poison pill provision that provided:

> **Except for Section 5**, if any provision of this Agreement is held by a court of competent jurisdiction or an arbitrator to be invalid, void, or unenforceable, the remaining provisions shall, nevertheless, continue in full force without being impaired or invalided in any way. **If Section 5 is found by a court of competent jurisdiction to be, in any way, unlawful, invalid, void or otherwise unenforceable, the Agreement becomes null and void as to employee(s) who are parties to that particular dispute**….

*Id*. (emphasis added). Citing to *Securitas Security Services USA, Inc. v. Superior Court*, 234 Cal. App. 4th 1109 (2015) and applying principles of contract interpretation, the court found that this poison-pill provision specifically made the PAGA waiver nonseverable and thus the entire arbitration agreement was not enforceable. *Id*. at 978 ("We interpret the arbitration agreement as

10

we would any other contract. 'The fundamental rule is that interpretation of … any contract … is governed by the mutual intent of the parties at the time they form the contract.")." As stated by the *Kec* court:

> Had the parties intended to permit defendants to proceed with arbitration notwithstanding an invalid waiver of representative claims, they would have simply made that provision severable, like every other term in the agreement. But that is not what they did. Instead, by specifically making section 5 *not* severable, the agreement evinces an intent *not* to allow defendants to selectively enforce the arbitration agreement.

*Id.* at 979.

Defendant represents to the Court in its Motion that "should the Court find that **any portion** of the Agreement is unconscionable or invalid, it can be severed such that the remainder continues to be in in [sic] full force and effect." Mot. at 11:8-10, Dkt. No. 14 (emphasis added). This statement plainly contradicts the terms of the agreement because, like in *Kec*, the arbitration agreement specifically provides that where the "Form of Arbitration" provision is found invalid, the "entire Agreement shall be null and void." Baxter Decl., Ex. A, ¶ 13, Dkt. No. 14-2. Accordingly, because the private attorney general action waiver found in the "Form of Arbitration" provision is impermissible, *Viking River*, 142 S. Ct. at 1913, the Court must enforce the terms of the Parties' agreement requiring nullification. *Kec*, 51 Cal.App.4th at 979; s*ee Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684 (2010) (citing cases); *see also Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1416 (2019) ("Consent is essential under the FAA."); *Granite Rock Co. v. Teamsters*, 561 U.S. 287, 299 (2010) ("[T]he first principle that underscores all of our arbitration decisions" is that "[a]rbitration is strictly 'a matter of consent.'"); *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 479 (1989) ("Arbitration under the [FAA] is a matter of consent, not coercion … .").

IV.   **ALTERNATIVELY, IF THE COURT DETERMINES SEVERANCE IS APPROPRIATE, THE ARBITRATION AGREEMENT IS PERMEATED WITH UNCONSCIONABILITY**

Where an agreement is permeated with unconscionability, courts may refuse to sever invalid provisions. *See Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 124 (2000) (holding that courts may refuse to enforce arbitration agreement where "permeated" by

unconscionability). In a footnote, Defendant contends that *Armendariz* is not applicable because it is preempted by the FAA. Mot. at 8 fn 3, Dkt. No. 14. Defendant fails to cite any case specifically supporting that proposition, and, instead, generally cites *Concepcion* and its progeny. *See id*. However, federal courts, including this one, continue to enforce the requirements of *Armendariz* post-*Concepcion* and other similar Supreme Court jurisprudence. *See, e.g., Trevino v. Acosta, Inc.*, No. 17-CV-06529 NC, 2018 WL 3537885, at *7 (N.D. Cal. July 23, 2018) (Cousins, J.) (granting motion to compel arbitration and analyzing *Armendariz* factors post-*Concepcion*); *Carbajal v. Rentokil N. Am., Inc.*, No. 17-CV-06651-YGR, 2018 WL 3304635, at *4 (N.D. Cal. July 5, 2018) (rejecting proposition that *Concepcion* invalidated *Armendariz* and explaining "Because the Court finds that the *Armendariz* unconscionability analysis has continuing viability, it next considers Carbajal's arguments that the Agreement is unconscionable."). Here, several illegal provisions in addition to the one addressed above render the agreement—as a whole—unconscionable. *See MacClelland v. Cellco P'ship*, No. 21-CV-08592-EMC, 2022 WL 2390997, at *16 (N.D. Cal. July 1, 2022) ("If the Court were to sever the numerous unconscionable provisions in a case such as this, companies could be incentivized to retain unenforceable provisions designed to chill customers' vindication of their rights, then simply propose to sever these provisions in the rare event that they are challenged successfully in court.").

### A. Invalid Choice of Law Provision

Labor Code Section 925 provides: "An employer shall not require an employee who primarily resides and works in California, as a condition of employment, to agree to a provision that would ...:[¶] (2) [d]eprive the employee of the substantive protection of California law with respect to a controversy arising in California." Cal. Lab. Code § 925(a); *see also Midwest Motor Supply Co. v. Superior Ct. of Contra Costa Cnty.*, 56 Cal. App. 5th 702, 715 (2020) (applying Section 925 and finding forum selection clause voidable by employee). The arbitration agreement illegally provides that: "Common law or state law claims shall be determined in accordance with the substantive law of the Commonwealth of Virginia…." Baxter Decl., Ex. A, ¶ 14.

Even Defendant concedes that this provision of the agreement is likely unenforceable and

has suggested that it would stipulate to the applicability of California law. Mot. at 11:6-9, Dkt. No. 14. This highlights the unconscionability of the agreement. That now Defendant seeks to unilaterally excise the unlawful provision from the agreement demonstrates its unilateral power to pick and choose which portions of the agreement it deems to be material to the Parties' agreement, after the fact. If Defendant can renege on its agreement with respect to this unlawful provision, and the provision requiring nullification of the agreement addressed above, where does its power end? "Indeed, it is well-settled that an employer's 'after-the-fact expression of willingness to amend [a contractual provision] to conform to law is ineffective.'" *Kooiman v. Siwell, Inc.*, No. 820CV00565JLSDFM, 2021 WL 899095, at *5 (C.D. Cal. Jan. 4, 2021) (quoting *Martinez v. Master Prot. Corp.*, 118 Cal. App. 4th 107, 116 (2004)) ("Unfortunately, the drafters of such unenforceable provisions are often rewarded because of the chilling effect they have; a California employee is likely to believe the contractual provision to be binding and may therefore simply forego pursuit of her statutory rights, believing she would have to file in a Texas state court, which would apply Texas law.").

Plaintiff signed an agreement as a condition of employment, only to later be confronted with Defendant's ability to pick and choose which of those allegedly bilateral agreements it wants to abide by. Thus, the Court must strike this provision.

### B. Defendant Improperly Seeks to Restrict Plaintiff's Ability to Seek Public Injunctive Relief

Under California law, a contractual provision purporting to waive the right to seek public injunctive relief in any forum is unenforceable. *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 952 (2017); *Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 828 (9th Cir. 2019) ("In sum, the *McGill* rule is a generally applicable contract defense derived from long-established California public policy. It is a "ground[ ] ... for the revocation of any contract" and falls within the FAA's saving clause at the first step of the preemption analysis."). "[P]ublic injunctive relief within the meaning of *McGill* is limited to forward-looking injunctions that seek to prevent future violations of law for the benefit of the general public as a whole, as opposed to a particular class of persons, and that do so without the need to consider the individual claims of any non-party." *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 542 (9th Cir. 2021). Courts to consider the *McGill* rule

PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS

after *Viking River* continue to enforce it. *MacClelland*, 2022 WL 2390997, at *8–9 ("Importantly, *Viking River* found that the FAA does not preempt a rule of California law prohibiting wholesale waivers of the right to assert representative claims under PAGA. [cite] Thus nothing in *Viking River* overrules or undermines *McGill*'s core holding that an arbitration agreement cannot prohibit a party from seeking public injunctive relief in any forum.").

Here, Plaintiff seeks a "permanent injunction enjoining Defendants' [sic] from ever again entering into similar [employment agreements] in violation of [Business & Professions Code] Section 16600." Complaint ¶ 47; *see also id.* Prayer, ¶ 5. Accordingly, Defendant's request to compel Plaintiff's claims to arbitration violates the holding in *McGill* and thus further renders the agreement unconscionable. *See Mejia v. DACM Inc.*, 54 Cal. App. 5th 691, 268 (2020); *Maldonado v. Fast Auto Loans, Inc.*, 60 Cal. App. 5th 710, 275 (2021).

**C.  A Mandatory Employment Arbitration Agreement Violates Labor Code § 432.6**

Labor Code Section 432.6 was enacted effective January 1, 2020, and subsection (a) provides:

> (a) A person shall not, as a condition of employment, continued employment, the receipt of any employment-related benefit, or as a condition of entering into a contractual agreement, require any applicant for employment or any employee to waive any right, forum, or procedure for a violation of any provision of the California Fair Employment and Housing Act (Part 2.8 (commencing with Section 12900) of Division 3 of Title 2 of the Government Code) or this code, including the right to file and pursue a civil action or a complaint with, or otherwise notify, any state agency, other public prosecutor, law enforcement agency, or any court or other governmental entity of any alleged violation.

Labor Code §432.6. Section 432.6(a) prohibits the waiver of any employee's rights to file and pursue a civil action or complaint for Labor Code violations, as a mandatory condition of employment. The Ninth Circuit held that the FAA does not preempt these provisions of the Labor Code. *Chamber of Commerce v. Bonta*, 13 F.4th 766, 778 (9th Cir. 2021), *petition for en banc review filed* October 20, 2021. While Section 432.6 alone may not provide as a basis to invalidate the agreement, viewing Defendant's express violation of this Labor Code in the context of its decision to enforce the arbitration agreement helps to understand the level of unconscionability underpinning the agreement.

The Court should decline to enforce the agreement because the illegal provisions

addressed above render the agreement so permeated with unconscionability so as to be unenforceable. *MacClelland*, 2022 WL 2390997, at *16 ("If the Court were to sever the numerous unconscionable provisions in a case such as this, companies could be incentivized to retain unenforceable provisions designed to chill customers' vindication of their rights, then simply propose to sever these provisions in the rare event that they are challenged successfully in court.").

## V.     IF INCLINED TO GRANT DEFENDANT'S MOTION, THE COURT SHOULD NOT DISMISS PLAINTIFF'S NON-INDIVIDUAL PAGA CLAIMS.

Relying on *Viking River*, Defendant argues that the Court should dismiss Plaintiff's non-individual PAGA claim if it compels her individual claim to arbitration. Mot. at 11:26-12, Dkt. No. 14. In *Viking River*, the Supreme Court relied on an erroneous reading of *Kim v. Reins*, 9 Cal. 5th 73 (2020) to dismiss Moriana's non-individual PAGA claim because she purportedly "lack[ed] statutory standing to continue to maintain her non-individual claims in court…." *Viking River*, 142 S. Ct. at 1925. As explained by Justice Sotomayor, "if [the Supreme Court's] understanding of state law is wrong, California courts, in an appropriate case, will have the last word." *Id.* (Sotomayor, J. concurring).

PAGA standing is ultimately a state law issue. Subject to constitutional constraints not applicable here, states have exclusive authority to determine for themselves who has standing to pursue state statutory claims in state court; and those determinations are binding on the federal courts, including the U.S. Supreme Court. *See, e.g., Hollingsworth v. Perry*, 570 U.S. 693, 717-18(2013); *Cole v. Richardson*, 405 U.S. 676, 697 (1972). Even the majority acknowledged that the scope of "statutory standing" under PAGA is a state-law question. 2022 WL 2135491 at *11 (asking whether, in light of "PAGA's standing requirement," "PAGA provides [a] mechanism" to address the "non-individual PAGA claims."). So did Justice Barrett in her separate opinion. *Id.* at *12 (Barrett, J., concurring in part and in the judgment) (declining to join Part IV, which "addresses disputed state-law questions.")

But the *Viking River* majority misread the California Supreme Court's unanimous decision in *Kim*, and therefore got its standing analysis exactly backwards. PAGA's plain statutory language and the California court's construction of that language in *Kim* make clear

15

that an "aggrieved employee" who has been authorized to seek civil penalties on behalf of the LWDA is not stripped of statutory standing upon being forced to adjudicate a portion of her claim in arbitration rather than in court. Rather, as explained in *Kim*, PAGA imposes only two requirements for PAGA standing; and neither depends on whether a portion of the plaintiff's claim has been compelled to arbitration. *See* 9 Cal.5th at 83-84. That *Viking River* now allows an employer with an arbitration agreement to split a PAGA plaintiff's claim for civil penalties into two components should make no difference to that plaintiff's standing as a statutory "aggrieved employee."

The Supreme Court's interpretation of *Kim*, however, is not controlling on matters of state law, and is not persuasive for the reasons detailed below. When "a cause of action is based on statute, standing rests on the provision's language, its underlying purpose, and the legislative intent." *Kim*, 9 Cal.5th at 83 (citing *Osborne v. Yasmeh* (2016) 1 Cal.App.5th 1118, 1127); *see also Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1246. In *Kim*, the California Supreme Court made clear that "[t]he plain language of section 2699(c) has only two requirements for PAGA standing." *Id.* at 83. First, the plaintiff must be an "aggrieved employee," defined as someone "who was employed by the alleged violator." Second, plaintiff must be a person "against whom one or more of the alleged violations was committed." *Id.* at 83-84 (quoting § 2699(c)). Plaintiff satisfies both requirements.

Plaintiff alleges that she was employed by Defendant and suffered violations of the Labor Code and thus is an "aggrieved employee." The question raised by Justice Sotomayor's concurrence is whether an aggrieved employee like Plaintiff, whom the LWDA authorized to pursue civil penalties based on violations committed against himself and others, is stripped of that delegated authority – and thus his statutory standing under PAGA – whenever a mandatory arbitration agreement requires the employee to pursue some of those civil penalties in an arbitration proceeding rather than in court.

The majority in *Viking River* thought that the answer to that question was provided by *Kim* and its reference to claims brought by members of the "general public." 2022 WL 2135491 at *11. While *Kim* may provide the answer, its underlying logic, and PAGA's plain statutory

text, purposes, and legislative history, demonstrates that PAGA "aggrieved employees" do not lose their aggrieved-employee status simply because their employer may be able to force them to pursue their PAGA representative-action claims in two steps.

A plaintiff whom the LWDA has authorized to bring suit against an employer as an "aggrieved employee" is not suing as a member of the general public, but as a member of the specifically defined class of workers to whom the Legislature has granted standing to sue on the state's behalf. As explained in *Kim*, "[t]he Legislature defined PAGA standing in terms of violations, not injury. Kim became an aggrieved employee, and had PAGA standing, when one or more Labor Code violations were committed against him (See § 2699(c).) Settlement did not nullify these violations." 9 Cal.5th at 84; *see also id* at 86-97 (plaintiff's "inability to obtain individual relief" on her underlying Labor Code claim does not preclude PAGA claim) (citing *Raines v. Coastal Pacific Food Distributors, Inc.*, 23 Cal.App.5th 667, 670 (2018); *Lopez v. Friant & Assocs., LLC* 15 Cal.App.5th 773, 784-85 (2017)); *Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal.App.5th 924, 928 (2021); *see also Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 757 (2018) ("For PAGA standing a plaintiff need only have been employed by the violator and affected by one or more of the alleged violations.").

In *Johnson v. Maxim Healthcare Servs., Inc.*, 66 Cal. App. 5th 924 (2021), the plaintiff alleged a single cause of action under PAGA. The employer demurred to the complaint because the plaintiff had not suffered any Labor Code violation during the applicable limitations period. 66 Cal. App. 5th at 927. Regardless of whether the plaintiff had suffered a timely violation that could be redressed in the PAGA suit, the California Court of Appeal held that the plaintiff still had standing under PAGA because "Johnson alleged she is employed by Maxim and that she personally suffered at least one Labor Code violation on which the PAGA claim is based." *Johnson*, 66 Cal. App. 5th at 930 (holding that a time barred claim does not strip a plaintiff of PAGA standing).

Put another way, what differentiates an employee like Plaintiff from an ordinary member of the general public who lacks standing is that she alleges that (1) he was employed Defendant, which (2) committed a series of Labor Code violations against him. The fact that FAA

preemption may require him to pursue the LWDA's claim for civil penalties in two forums does not transform him from an aggrieved employee with PAGA standing into a member of the general public with no statutory rights.

That Defendant may be entitled to compel arbitration of the "individual" portion of Plaintiff's claim for civil penalties under PAGA (depending on how the language in its arbitration agreement is construed) does not mean it would thereby by statutorily immunized from potential liability for the remaining portion of that claim. As in *Kim*, Plaintiff would continue to have standing to pursue the full range of remedies available to the LWDA even if compelled to arbitrate. Defendant's argument for dismissal for the remainder of his claim must therefore fail "because it is at odds with the language of the statute, the statutory purpose supporting PAGA claims, and the overall statutory scheme." 9 Cal.5th at 84.

## VI. IN THE ALTERNATIVE, PLAINTIFF REQUESTS THAT THE COURT STAY THIS ACTION AND/OR DEFER RULING.

On July 20, 2022, the California Supreme Court granted review in *Adolph v. Uber Technologies,* Case No. S274671.  Plaintiff's Request for Judicial Notice, Ex. A (Docket Sheet). In *Adolph*, Appellee requested an expedited briefing schedule, and briefed many of the same issues that are presented by this Motion regarding PAGA standing after *Viking River*.  See *id.*, Ex. A, Ex. B (Supplemental Brief). A trial court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In considering a stay, a court must balance the interests of the possible damage or hardship that may result from the stay against the benefit arising from the stay, such as by simplifying questions of law or promoting efficiency. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005); *Freiberg v. City of Mission Viejo*, 33 Cal.App.4th 1484, 1489 (1995).

Applying this standard, trial courts routinely conclude that stays are warranted in wage and hour class or representative actions where a state or SCOTUS ruling is forthcoming on a question of controlling law. *See, e.g., Gabriella v. Wells Fargo Fin., Inc.*, 2009 WL 188856, at *1 (N.D. Cal. Jan. 26, 2009) ("Once the Supreme Court resolves the legal standard governing meal and rest break claims, the parties will be able to engage in focused, efficient discovery.");

*Lew v. Countrywide Financial Corp.*, 2009 WL 1384975, at *2 (N.D. Cal. Feb. 24, 2009) (holding that "speculation [on the proper legal standard] is unnecessary given that the Supreme Court has taken up the precise question at issue" and "the benefits of proceeding with a definite legal standard will more than make up for the costs of delay."); *Minor v. FedEx*, 2009 WL 1955816, at *1-2 (N.D. Cal. July 6, 2009) ("Furthermore, as this Court is bound by decisions of the state's highest court when interpreting issues of state law, it makes little sense for litigation as to this claim to continue when such a definitive ruling will be forthcoming.").

This Court was likely presented with many motions to stay actions pending the Supreme Court's decision in *Viking River* and the same considerations apply now. Because the California Supreme Court will address whether a representative non-individual PAGA claim may be pursued after an aggrieved employee arbitrates his or her individual PAGA claim in *Adolph* many of the state-law questions presented by Defendant's Motion and *Viking River* will soon be answered. A slight delay to allow the Court the benefit of a clearer picture of California law favors the interests of justice and supports Plaintiff's request for a stay pending the ruling in *Adolph*.

On the other hand, Defendant will suffer minimal prejudice if the Court stays the action. *See, e.g., Larson v. Trans Union, LLC*, 2015 WL 3945052, at *8 (N.D. Cal. June 26, 2015) ("it is implausible that a one-year delay will cause"… "witnesses [to] become difficult to locate, or [that they] will forget their testimony as their 'memories fade'"); *Nussbaum v. Diversified Consultants, Inc.*, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) (same); *Convergence Techs. (USA), LLC v. Microloops Corp.*, 2012 WL 1232187, at *2 (N.D. Cal. Apr. 12, 2012) (same). Accordingly, if inclined to grant Defendant's Motion in part, or in whole, Plaintiff requests that the Court stay the matter pending definitive guidance from the California Supreme Court in *Adolph*.

### VII. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion. Alternatively, Plaintiff requests that the Court stay this action or defer ruling on Defendant's Motion pending the California Supreme Court's decision in *Adolph*.

DATED:  August 2, 2022						DIVERSITY LAW GROUP, P.C.


								By:     /s/ Max W. Gavron
								Larry W. Lee
								Kristen M. Agnew
								Nicholas Rosenthal
								Kwanporn "Mai" Tulyathan
								Max W. Gavron
								Attorneys for Plaintiff and the Class

PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS