Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
Max W. Gavron (State Bar No. 291697)
**DIVERSITY LAW GROUP, P.C.**
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
(213) 488-6555
(213) 488-6554 facsimile

William L. Marder (SBN 170131)
bill@polarislawgroup.com
**POLARIS LAW GROUP**
501 San Benito Street, Suite 200
Hollister, CA 95023
Telephone: (831) 531-4214
Facsimile: (831) 634-0333

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYLA SHAMS, as an individual and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>REVATURE LLC, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No.: 22-cv-01745-NC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS**<br><br>Date:   **August 24, 2022**<br>Time:   **1:00 p.m.**<br>CrtRm: **5** |

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT REVATURE LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS

1    Pursuant to Federal Rule of Evidence 201, Plaintiff Leyla Shams ("Plaintiff") hereby

2 respectfully requests that the Court take judicial notice of the following documents submitted in

3 support of her Opposition to Defendant's Motion to Compel Arbitration and Dismiss or Stay

4 Proceedings:

5    1.    Docket in *Adolph v. Uber Technologies,* Case No. S274671. A true and correct

6 copy of the docket is attached as **Exhibit A**.

7    2.    Plaintiff's Supplemental Letter Brief in *Adolph v. Uber Technologies, Inc.,* Case

8 No. S274671 (June 29, 2022) is attached as **Exhibit B**.

9

10

11 DATED: August 2, 2022                      DIVERSITY LAW GROUP, P.C.

12                                            By:___/s/ Max W. Gavron_____
13                                            Larry W. Lee
                                              Kristen M. Agnew
14                                            Nicholas Rosenthal
                                              Kwanporn "Mai" Tulyathan
15                                            Max W. Gavron
                                              Attorneys for Plaintiff and the Class
16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT
REVATURE LLC'S MOTION TO COMPEL ARBITRATION AND DISMISS OR STAY PROCEEDINGS

# EXHIBIT A

Case 5:22-cv-01745-NC   Document 16-1   Filed 08/02/22   Page 4 of 12

# Appellate Courts Case Information

## Supreme Court

Change court ⌄

## Docket (Register of Actions)

**ADOLPH v. UBER TECHNOLOGIES**
**Division SF**
**Case Number S274671**

| Date | Description | Notes |
|------|-------------|-------|
| 05/20/2022 | Petition for review filed | Defendant and Appellant: Uber Technologies, Inc.<br>Attorney: Sophia Behnia G059860 and G060198 were consolidated by the Court of Appeal order filed 5/24/2021. |
| 05/20/2022 | Record requested | Court of Appeal record electronically imported. |
| 06/15/2022 | Filed: | from counsel for appellant informing the court of new authority from the United States Supreme Court was not available at time the petition for review was filed. Appellant is requesting to file a supplemental briefing.Uber Technologies, Inc., Defendant and Appellant<br>Anthony Ly, Retained counsel |
| 06/16/2022 | Order filed | The request of Uber Technologies for permission to file a supplemental brief in light of Viking River Cruises, Inc. v. Moriana, Supreme Court Case No. 20-1573 is hereby granted.<br>A supplemental letter brief of no more than five pages is to be served upon respondent and filed in this court on or before June 22, 2022. Respondent may file a letter brief in response of no more than five pages on or before July 12, 2022. |
| 06/22/2022 | Order filed | Due to clerical error, the order filed in the above matter on June 16, 2022, is amended to include the Court of Appeal case numbers above. |
| 06/22/2022 | Supplemental brief filed | Defendant and Appellant: Uber Technologies, Inc.<br>Attorney: Anthony Ly |
| 06/28/2022 | Received: | Notice of association of counsel. |
| 06/29/2022 | Supplemental brief filed | Plaintiff and Respondent: Erik Adolph<br>Attorney: Michael Rubin |
| 07/13/2022 | Time extended to grant or deny review | The time for granting or denying review in the above-entitled matter is hereby extended to and including August 18, 2022, or the date upon which review is either granted or denied. |
| 07/20/2022 | Petition for review granted | Votes: Cantil-Sakauye, C.J., Corrigan, Liu, Kruger, Groban, Jenkins and Guerrero, JJ. |

| 07/20/2022 | Letter sent requesting certification of interested parties/entities | |
|---|---|---|
| 07/22/2022 | Filed: | Notice of appearance of counsel.<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Theane Evangelis 333 South Grand Avenue Los Angeles, California 90071<br><br>GIBSON, DUNN & CRUTCHER LLP<br>Blaine Evanson 333 South Grand Avenue Los Angeles, California 90071 |
| 07/22/2022 | Application for extension of time filed | By Theane Evangelis, counsel for appellant seeks an extension of time 30 days to September 19, 2022 to file the opening brief on the merits. |
| 07/25/2022 | Opposition filed | Plaintiff and Respondent: Erik Adolph<br>Attorney: Aashish Y. Desai Respondent's Opposition to Uber's application for extension of time to file opening brief on the merits. |
| 07/27/2022 | Application filed | Respondent's application for calendar preference and expedited briefing schedule. |
| 07/28/2022 | Opposition filed | Defendant and Appellant: Uber Technologies, Inc.<br>Attorney: Theane D. Evangelis Opposition to respondent's application for calendar preference and expedited briefing schedule. |
| 08/01/2022 | Issues ordered limited | Review was granted in this matter on July 20, 2022. The issue to be briefed and argued is limited to the following: Whether an aggrieved employee who has been compelled to arbitrate claims under the Private Attorneys General Act (PAGA) that are "premised on Labor Code violations actually sustained by" the aggrieved employee (Viking River Cruises, Inc. v. Moriana (2022) 596 U.S. __, __ [142 S.Ct. 1906, 1916] (Viking River Cruises); see Lab. Code, §§ 2698, 2699, subd. (a)) maintains statutory standing to pursue "PAGA claims arising out of events involving other employees" (Viking River Cruises, at p. __ [142 S.Ct. at p. 1916]) in court or in any other forum the parties agree is suitable.<br><br>On application of petitioner and good cause appearing, it is ordered that the time to serve and file the opening brief on the merits is extended to and including September 19, 2022. No further extensions are contemplated.<br><br>Respondent's application for calendar preference and an expedited briefing schedule, filed July 27, 2022, is denied. |
| 08/01/2022 | Filed: | Notice of errata correcting bar number for Theane Evangelis, counsel for appellant |

**Click here** to request automatic e-mail notifications about this case.

# EXHIBIT B

ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST STREET, SUITE 300
SAN FRANCISCO, CALIFORNIA 94108
(415) 421-7151
FAX (415) 362-8064
www.altshulerberzon.com

HAMILTON CANDEE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
JEFFREY B. DEMAIN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
SCOTT A. KRONLAND
JUHYUNG HAROLD LEE
DANIELLE E. LEONARD
STACEY M. LEYTON
AMANDA C. LYNCH
MATTHEW J. MURRAY
BRONWEN B. O'HERIN
ZOE PALITZ
P. CASEY PITTS
DANIEL T. PURTELL
JONATHAN ROSENTHAL
MICHAEL RUBIN
CHRISTINE M. SALAZAR

FRED H. ALTSHULER
FOUNDING PARTNER
PARTNER EMERITUS

STEPHEN P. BERZON
FOUNDING PARTNER
PARTNER EMERITUS
SPECIAL COUNSEL

PETER D. NUSSBAUM
PARTNER EMERITUS

NICOLE COLLINS
ANNIE WANLESS
FELLOWS

June 29, 2022

Chief Justice Cantil-Sakauye and Associate Justices
Supreme Court of California
350 McAllister Street
San Francisco, California 94102-4797

Re: Plaintiff's Supplemental Letter Brief in *Adolph v. Uber Technologies, Inc.*,
    Supreme Court Case No.  S274671

Dear Chief Justice and Associate Justices:

Plaintiff/Respondent Erik Adolph submits this letter brief pursuant to the Court's June 18, 2022 Order to address the United States Supreme Court's recent decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. __, 2022 WL 2135491 ("*Viking*"), and the arguments raised by Defendant/Petitioner Uber Technologies, Inc. ("Uber") in its June 22, 2022 letter brief.

The key to understanding the Supreme Court's ruling in *Viking River,* and thus to resolving Uber's Petition for Review (and ultimately, the hundreds of similar PAGA arbitration cases now flooding the California judicial system, including the five cases remanded to the California Court of Appeal in the Supreme Court's June 27, 2022 Order List) lies in Justice Sotomayor's two-paragraph concurrence.

Justice Sotomayor, one of the four Justices whose vote was crucial to reaching a five-member majority,[1] stated in that concurrence that she joined that majority "with th[e] understanding" that Part IV of the opinion – which expressed the Court's belief about what would happen to the "non-individual" component of the plaintiff's PAGA claim after she was compelled to "individual" arbitration – turned on an issue of state law that could *only* be definitively resolved by the California courts and legislature. Although the majority concluded, based on its reading of *Kim v. Reins* (2020) 9 Cal.5th 73, that the plaintiff would lose "'statutory standing' under PAGA to litigate her 'non-individual' claims separately in state court" upon being compelled to arbitrate, *id.* at *11, Justice Sotomayor emphasized that, "[o]f course, if this Court's understanding of state law is wrong, California courts, in an appropriate case, will have the last word." *Id.* at *12 (Sotomayor, J., concurring).

---

[1] *See* T. Bennet et al., *Divide & Concur: Separate Opinions & Legal Change* (2020) 103 Cornell L. Rev. 917 (explaining the weight to be given such "pivotal" concurrences).

Document received by the CA Supreme Court.

Chief Justice Cantil-Sakauye and Associate Justices
Re: Plaintiff's Supplemental Letter Brief in *Adolph v. Uber Technologies, Inc.*
June 29, 2022
Page 2

Justice Sotomayor was certainly correct that PAGA standing is ultimately a state law issue. Subject to constitutional constraints not applicable here, states have exclusive authority to determine for themselves who has standing to pursue state statutory claims in state court; and those determinations are *binding* on the federal courts, including the U.S. Supreme Court. *See, e.g., Hollingsworth v. Perry* (2013) 570 U.S. 693, 717-18; *Cole v. Richardson* (1972) 405 U.S. 676, 697. Even the majority acknowledged that the scope of "statutory standing" under PAGA is a state-law question. 2022 WL 2135491 at *11 (asking whether, in light of "PAGA's standing requirement," "PAGA provides [a] mechanism" to address the "non-individual PAGA claims."). So did Justice Barrett in her separate opinion. *Id.* at *12 (Barrett, J., concurring in part and in the judgment) (declining to join Part IV, which "addresses disputed state-law questions.")

But the *Viking River* majority misread this Court's unanimous decision in *Kim*, and therefore got its standing analysis exactly backwards. PAGA's plain statutory language and this Court's construction of that language in *Kim* make clear that an "aggrieved employee" who has been authorized to seek civil penalties on behalf of the LWDA is *not* stripped of statutory standing upon being forced to adjudicate a portion of her claim in arbitration rather than in court. Rather, as this Court explained in *Kim*, PAGA imposes only two requirements for PAGA standing; and neither depends on whether a portion of the plaintiff's claim has been compelled to arbitration. *See* 9 Cal.5th at 83-84. That *Viking River* now allows an employer with an arbitration agreement to split a PAGA plaintiff's claim for civil penalties into two components should make no difference to that plaintiff's standing as a statutory "aggrieved employee."

In light of the considerable confusion that *Viking River* has already created, plaintiff agrees with Uber that this Court should grant review of the Fourth District Court of Appeal's decision. But instead of transferring that action to the appellate court as Uber requests – which would only prolong the uncertainty at a time our judicial system is being inundated with new and renewed post-*Viking River* petitions to compel arbitration – this Court should set this case for expedited briefing, limited to the critically important and exclusively state-law issue of PAGA standing that each of these cases will raise: whether an "aggrieved employee" who has been compelled to arbitrate the "individual" component of her PAGA claim on behalf of the LWDA, is thereby stripped of statutory standing to pursue the remainder of her representative claim for statutory civil penalties in court, or in whatever other forum the parties agree is suitable.

At a minimum, if the Court is inclined to vacate and transfer, it should provide specific instructions to the Court of Appeal, directing it to address whether, under PAGA and this Court's analysis in *Kim,* Mr. Adolph would lose his status as a PAGA "aggrieved employee" if, based on the facts of this case and the analysis in *Viking River*, Uber is entitled to require him to arbitrate the "individual" component of his and the LWDA's PAGA claim.

### The *Viking River* Decision

The Supreme Court granted certiorari in *Viking River* "to decide whether the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 *et seq.*, preempts a rule of California law [set forth in *Iskanian v. CLS Transp. Los Angeles, LLC* (2014) 59 Cal.4th 348] that invalidates contractual waivers of the right to assert representative claims under California's Labor Code Private Attorneys' General Act of 2004." Although the Supreme Court rejected the *reasoning* of the

Document received by the CA Supreme Court.

Chief Justice Cantil-Sakauye and Associate Justices
Re: Plaintiff's Supplemental Letter Brief in *Adolph v. Uber Technologies, Inc.*
June 29, 2022
Page 3

*Iskanian* majority, *see id.* at *n.4, it agreed with the analysis of the two concurring Justices (Chin, Baxter, JJ) and of the Ninth Circuit in *Sakkab v. Luxottica Retail North America, Inc.* (9th Cir. 2015) 803 F.3d 425 (2015), holding in Part II of its opinion that: (1) PAGA representative action claims may not be treated like class action claims for purposes of FAA preemption, 2022 WL 2135491 at *8-*9, and (2) the FAA does *not* permit employers to use arbitration agreements to strip employees of substantive state law rights and remedies (here, the right of an authorized aggrieved employee to pursue PAGA claims on behalf of the LWDA), *id.* at *7 & n.5.

Based largely on that Part II analysis (and the Court's further conclusion that the FAA does not permit defendants to use an arbitration agreement to prohibit all "representative" actions, *id.* at *9), the five-member majority agreed with plaintiff that Viking's broad contractual prohibition of all "representative and private attorney general" actions was unenforceable – just as Uber's prohibition of representative-action claims is unenforceable here. *See id*. at *7 (citing *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.* 1985) 473 U.S. 614, 628, 633 and *Preston v. Ferrer* (2008) 552 U.S. 346, 359-60).

That was not the end of the Supreme Court's analysis, though. In Part III of its decision, the majority concluded as a matter of FAA preemption that if an employer mandates arbitration of all workplace disputes, it may require an employee's PAGA claim to be split into two components based on Labor Code violations committed against (1) that individual, and (2) that individual's co-workers. *Id.* at *10-*11. The Court acknowledged that PAGA itself did not authorize "individual" PAGA actions. *Id.* at *5 (citing *inter alia Kim*, 9 Cal.5th at 87). But it concluded that where an arbitration agreement encompasses PAGA claims, the FAA impliedly preempts the state's rule that PAGA actions cannot be split into separate remedial portions, which the Court described as "what is effectively a rule of claim joinder." *Id.* at *1, *10-*11. The Court then applied the severability clause in Viking's arbitration agreement to transform the parties' unlawful contractual prohibition of *all* PAGA remedies into a requirement that plaintiff must arbitrate the "individual" portion of her PAGA claim.[2] At the same time, though, the Court reiterated that although plaintiff Moriana's "individual" PAGA claims must be arbitrated (based upon its application of the severability clause), her "non-individual" PAGA claims "may not be dismissed simply because they are "representative," given the Court's conclusion in Part II that the FAA does not allow employers to strip employees of substantive state law rights. *Id*. at *11.

That should have been the end of the Court's opinion. Yet instead of remanding for the state courts to determine what would happen to a plaintiff's standing once part of her PAGA claim was compelled to individual arbitration, the majority simply guessed (wrong) at the result, concluding that "as we see it, PAGA provides no mechanism to enable a court to adjudicate non-

---

[2] *Id.* at *11 ("Because the agreement provides that if the waiver provision is invalid in some respect, any 'portion' of the waiver that remains valid must still be 'enforced in arbitration,' ... Viking was entitled to enforce the agreement insofar as it mandated arbitration of Moriana's individual PAGA claim.").The Court did not explain how it reached this counterintuitive conclusion, given that the agreement did not "mandate[]" arbitration of any portion of plaintiff's PAGA claim, but instead flatly prohibited all PAGA arbitration.

Document received by the CA Supreme Court.

Chief Justice Cantil-Sakauye and Associate Justices
Re: Plaintiff's Supplemental Letter Brief in *Adolph v. Uber Technologies, Inc.*
June 29, 2022
Page 4

individual PAGA claims once an individual claim has been committed to a separate proceeding" and that "[w]hen an employee's own dispute is pared away from a PAGA action, the employee is no different from a member of the general public, and PAGA does not allow such persons to maintain suit." *Id.* at *11 (citing *Kim*, 9 Cal.5th at 90). That mistaken assumption about how state law would operate is what triggered Justice Sotomayor's concurrence, in which she stated that she was joining the majority's opinion only because she recognizes that "in an appropriate case" California courts "will have the last word" concerning the proper application of PAGA standing principles in the circumstances outlined in that case. *Id.* at *12.

   *This* case is the "appropriate case" for determining how to apply PAGA's standing principles post-*Viking River* – a pure question of statutory interpretation that needs to be resolved quickly and definitively and that can only finally be resolved by this Court.

### PAGA's Plain Language as Construed in *Kim v. Reins*

   When "a cause of action is based on statute, standing rests on the provision's language, its underlying purpose, and the legislative intent." *Kim*, 9 Cal.5th at 83 (citing *Osborne v. Yasmeh* (2016) 1 Cal.App.5th 1118, 1127); *see also Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1246.

   In *Kim*, this Court made clear that "[t]he plain language of section 2699(c) has only two requirements for PAGA standing." *Id.* at 83. First, the plaintiff must be an "aggrieved employee," defined as someone "who was employed by the alleged violator." Second, plaintiff must be a person "against whom one or more of the alleged violations was committed." *Id.* at 83-84 (quoting § 2699(c)). Plaintiff Adolph satisfies both requirements.

   There is no dispute that plaintiff Adolph had standing at the *outset* of this litigation to pursue all PAGA relief identified in his LWDA notice. His Second Amended Complaint alleged that throughout the relevant time period, Uber as his employer committed a series of Labor Code violations against him and his co-workers. The question raised by Justice Sotomayor's concurrence is whether an aggrieved employee like Mr. Adolph, whom the LWDA authorized to pursue civil penalties based on violations committed against himself and others, is stripped of that delegated authority – and thus his statutory standing under PAGA – whenever a mandatory arbitration agreement requires the employee to pursue some of those civil penalties in an arbitration proceeding rather than in court.

   That majority in *Viking River* thought that the answer to that question was provided by *Kim* and its reference to claims brought by members of the "general public." 2022 WL 2135491 at *11. We agree that *Kim* provides the answer. But its underlying logic, and PAGA's plain statutory text, purposes, and legislative history, demonstrates that PAGA "aggrieved employees" do *not* lose their aggrieved-employee status simply because their employer may be able to force them to pursue their PAGA representative-action claims in two steps.

   *Kim's* "general public" language had nothing to do with whether a plaintiff who must arbitrate the "individual" component of her PAGA claim thereby loses standing to pursue the rest of that LWDA-authorized claim. Rather, *Kim's* reference to the "general public" simply distinguished pre-Prop 64 unlimited general-public standing under the UCL from PAGA, in

Document received by the CA Supreme Court.

Chief Justice Cantil-Sakauye and Associate Justices
Re: Plaintiff's Supplemental Letter Brief in *Adolph v. Uber Technologies, Inc.*
June 29, 2022
Page 5

which the Legislature limited statutory standing to aggrieved employees, as statutorily defined. *See* 9 Cal.5th at 90-91; *Amalgamated Transit Union Local No. 1756 v. Superior Court* (2009) 46 Cal.4th 993.

A plaintiff whom the LWDA has authorized to bring suit against an employer as an "aggrieved employee" is not suing as a member of the general public, but as a member of the specifically defined class of workers to whom the Legislature has granted standing to sue on the state's behalf. As this Court explained in *Kim*, "[t]he Legislature defined PAGA standing in terms of violations, not injury. Kim became an aggrieved employee, and had PAGA standing, when one or more Labor Code violations were committed against him (See § 2699(c).) Settlement did not nullify these violations." 9 Cal.5th at 84; *see also id* at 86-97 (plaintiff's "inability to obtain individual relief" on her underlying Labor Code claim does not preclude PAGA claim) (citing *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 670 and *Lopez v. Friant & Assocs., LLC* (2017) 15 Cal.App.5th 773, 784-85); *Johnson v. Maxim Healthcare Servs., Inc.* (2021) 66 Cal.App.5th 924, 928. Put another way, what differentiates an employee like Mr. Adolph from an ordinary member of the general public who lacks standing is that he alleges that (1) he was employed Uber, which (2) committed a series of Labor Code violations against him. The fact that FAA preemption may require him to pursue the LWDA's claim for civil penalties in two forums does not transform him from an aggrieved employee with PAGA standing into a member of the general public with no statutory rights.

That Uber may be entitled to compel arbitration of the "individual" portion of Mr. Adolph's claim for civil penalties under PAGA (depending on how the language in its arbitration agreement is construed) does not mean it would thereby by statutorily immunized from potential liability for the remaining portion of that claim. As in *Kim*, Mr. Adolph would continue to have standing to pursue the full range of remedies available to the LWDA even if compelled to arbitrate. Uber's argument for dismissal for the remainder of his claim must therefore fail "because it is at odds with the language of the statute, the statutory purpose supporting PAGA claims, and the overall statutory scheme." 9 Cal.5th at 84.

For these reasons, this Court should grant review, set an expedited briefing schedule limited to the exclusively state-law issue of PAGA standing triggered by *Viking River*'s FAA-preemption analysis, and thereby provide lower courts throughout California with the critical guidance they need as they face this statutory construction issue in the aftermath of *Viking River*.

Respectfully submitted,

Altshuler Berzon LLP
Desai Law Firm P.C.
Goldstein, Borgen, Dardarian & Ho

By:*/s/ Michael Rubin*
    Michael Rubin

Counsel for Plaintiff/Respondent

Document received by the CA Supreme Court.

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action; my business address is 177 Post Street, Suite 300, San Francisco, California 94108. On June 29, 2022, I served the following document(s):

### Plaintiff's Supplemental Letter Brief

on the parties for service as designated below:

**By filing via TrueFiling:** I filed and served such document(s) via TrueFiling, thus sending an electronic copy of the filing and effecting service.

Sophia Behnia
Littler Mendelson, P.C.
333 Bush Street, Floor 34
San Francisco, CA 94104-2842
sbehnia@littler.com

Andrew Spurchise
Littler Mendelson PC
900 3rd Avenue, Floor 8
New York, NY 10022-3298
aspurchise@littler.com

Anthony Ly
Littler Mendelson
2049 Century Park East 5th Floor
Los Angeles, CA 90067
aly@littler.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed June 29, 2022, at San Francisco, California.

*J Perley*

_____
Jean Perley

Document received by the CA Supreme Court.