Larry W. Lee (State Bar No. 228175)
Kristen M. Agnew (State Bar No. 247656)
Nicholas Rosenthal (State Bar No. 268297)
Kwanporn "Mai" Tulyathan (State Bar No. 316704)
Max W. Gavron (State Bar No. 291697)
DIVERSITY LAW GROUP P.C.
515 S. Figueroa Street, Suite 1250
Los Angeles, CA 90071
Telephone: (213) 488-6555
Facsimile:  (213) 488-6554

William L. Marder (SBN 170131)
bill@polarislawgroup.com
POLARIS LAW GROUP
501 San Benito Street, Suite 200
Hollister, CA 95023
Telephone: (831) 531-4214
Facsimile: (831) 634-0333

Attorneys for Plaintiff and the Class

*Additional Counsel on Next Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEYLA SHAMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>REVATURE LLC, a Virginia corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 5:22-cv-01745-NC<br><br>**JOINT SUPPLEMENTAL STATEMENT BRIEF IN RESPONSE TO ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; ORDERING SUPPLEMENTAL BRIEFING ON REMAINING CLAIMS**<br><br>Date of Removal:    03/18/2022<br>Complaint Filed:    02/14/2022<br>Trial Date:             Not set |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Shannon B. Nakabayashi (State Bar No. 215469)
Swaja Khanna (State Bar No. 334833)
JACKSON LEWIS P.C.
50 California Street, 9th Floor
San Francisco, California 94111-4615
Telephone:  (415) 394-9400
Facsimile:  (415) 394-9401
E-mail:  Shannon.Nakabayashi@jacksonlewis.com
E-mail:  Swaja.Khanna@jacksonlewis.com

Attorneys for Defendant
REVATURE LLC

2

1    At the Court's request, as set forth in its August 17, 2022 Order Granting Defendant's

2    Motion to Compel Arbitration, Plaintiff Leyla Shams ("Shams" or "Plaintiff") and Defendant

3    Revature LLC ("Revature" or "Defendant") (together "the Parties") hereby submit their respective

4    positions as to how the Court should handle Plaintiff's representative PAGA claims while

5    maintaining judicial economy.  (*See* ECF No. 18, p.7:1-4.)

6    **I.    PLAINTIFF'S POSITION**

7        Plaintiff's Individual PAGA Claim:    Plaintiff agrees to demand arbitration on her

8    individual claims by September 30, 2022, considering the Court's prior order.  Dkt. No. 18.

9        The Representative PAGA Claim:  Just as the Court declined Plaintiff's invitation to stay

10   the action pending a ruling from the California Supreme Court in *Adolph v. Uber Technologies,*

11   *Inc.*, *see* Dkt. No. 18 at pg 6, n.2, the Court should decline to stay this action pending resolution

12   of the individual arbitration.

13        A.  Issuing a Stay Thwarts the Purpose of the PAGA

14       The Legislature's intent with PAGA was specifically to "achieve maximum compliance

15   with state labor laws," "ensure an effective disincentive for employers to engage in unlawful and

16   anticompetitive business practices," and provide a "meaningful deterrent to unlawful conduct."

17   See 2003 Cal Stats. ch. 906, § 1 (PAGA legislative findings). Thus, while relief in PAGA actions

18   is generally limited to the collection of civil penalties, PAGA is analogous to criminal statutes

19   where the primary purpose and aspiration of the Legislature focuses on maximizing compliance

20   with the law.  *See Arias v. Superior Court*, 46 Cal.4th 969, 986 (2009) (explaining relief under the

21   PAGA is designed to benefit the general public).

22       Issuing a stay effectively thwarts the very purpose of the PAGA to achieve maximum

23   compliance with the Labor Code. In *Leenay v. Superior Court*, which was decided after *Viking*

24   *River*, the California Court of Appeal explained:

25        When an employee chooses to forgo individual claims and brings a PAGA action
          on behalf of the state, the "employer should not be able [to] dictate how ... the
26        representative action proceeds" by capitalizing on another employee's decision to
          bring arbitrable claims. [citation] That result would create an unwarranted obstacle
27        to "'the effective prosecution of representative PAGA actions'" and undermine the

28

JOINT SUPPLEMENTAL STATEMENT BRIEF IN RESPONSE TO ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL ARBITRATION; ORDERING SUPPLEMENTAL BRIEFING ON REMAINING
CLAIMS                                                          Case No.  5:22-cv-01745-NC

1
2

Legislature's objective to "'augment the limited enforcement capability'" of the state.

3

81 Cal. App. 5th 553, 571 (2022).

4
5

Here, Plaintiff seeks PAGA penalties for past and ongoing violations by Defendant related

6

to its alleged unlawful practices.  *See* Complaint, Dkt. No. 1-4, ¶¶ 16-22.  Thus, further delay

7

presents more than just the "fair possibility" of continued harm to the Aggrieved Employees

8

Plaintiff seeks to represent.  Staying the representative portion of the case would permit Defendant

9

to sweep the substantive allegations in this case, brought on behalf of the State of California, under

10

the rug into private arbitration and would impede the State's ability to enforce the Labor Code.

11

B.  The Court Should Not Exercise Its Discretion to Stay the Action

12

*Landis v. North American Co.* recognized courts' inherent power to stay proceedings, but

13

"[o]nly in rare circumstances will a litigant in one case be compelled to stand aside while a litigant

14

in another settles the rule of law that will define the rights of both." 229 U.S. 248, 255 (1936).  To

15

justify a stay, the stay proponent bears "the burden of making out the justice and wisdom of a

16

departure from the beaten track" of exercising jurisdiction. *Id.* at 256. The proponent "must make

17

out a clear case of hardship or inequity in being required to go forward, if there is even a fair

18

possibility that the stay for which he prays will work damage to someone else." *Id.* at 255.  The

19

CMAX factors do not support a stay either. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

20

1962) (explaining courts should consider "possible damage which may result from the granting of

21

a stay, the hardship or inequity which a party may suffer in being required to go forward, and the

22

orderly course of justice measured in terms of simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay.").

23

Allowing the representative PAGA claim to proceed simultaneously with the arbitration

24

will not cause harm to Defendant.  Plaintiff is willing to coordinate discovery, to the extent

25

feasible, and to meet and confer with Defendant to arrive at a discovery plan that balances the

26

important competing interests in this case.  Alternatively, if the Court stays the representative

27

PAGA action, Defendant will be absolved of responding to the allegations brought on behalf of

28

the State regarding the other employees for an undetermined period of time.

4

Defendant essentially argues that a stay is appropriate because if it is successful in defeating Plaintiff's claims in arbitration, then Plaintiff will not have standing to pursue her representative PAGA claim.  If this argument were persuasive, then every court should stay a case pending a defendant's motion for summary judgment because, if successful, there would be no need for a trial.

The outcome of arbitration is, of course, uncertain.  To prejudge the result of the arbitration will result in more harm than good.  Even if Plaintiff is only successful on one of her claims, she could still pursue her claims on behalf of other aggrieved employees who suffered different violations of the Labor Code.  *Huff v. Securitas Sec. Servs. USA, Inc.*, 23 Cal. App. 5th 745, 756 (2018) ("Given the goal of achieving maximum compliance with state labor laws, it would make little sense to prevent a PAGA plaintiff (who is simply a proxy for state enforcement authorities) from seeking penalties for all the violations an employer committed.").  As explained in *Huff*, "so long as [Plaintiff] was affected by at least one of the Labor Code violations alleged in the complaint, [s]he can recover penalties for all the violations [s]he proves." *Id.* at 761.

In the circumstance contemplated by *Huff*, the Court would be left with a case stagnating on its docket for at least year (possibly more) with the Parties only to return to begin discovery. Alternatively, if the Parties proceed simultaneously, they will be able to continue litigation and move to trial at the conclusion of arbitration proceedings.

Even if the Court were to stay the action pending arbitration, and Defendant is successful in defeating Plaintiff's claims, the Parties will necessarily be back in this Court at the conclusion of arbitration to seek a ruling regarding the representative PAGA claims, which this Court already held may not be arbitrated.  Dkt. No. 18, at 5-6; *see also Viking River Cruises, Inc. v. Moriana*, 142 S. Ct. 1906, 196 (2022) (holding that "pre-dispute agreements to waive the right to bring representative PAGA claims are invalid as a matter of public policy.").

While Defendant contends that the arbitrator's decision will control whether Plaintiff has standing, Plaintiff disputes this contention.  Prior to *Viking River*, courts explained that employees may not be compelled to arbitrate whether they qualify as an "aggrieved employee"

1   under the statute.  *Brooks v. AmeriHome Mortgage Co., LLC*, 47 Cal. App. 5th 624, 629 (2020)

2   ("Brooks alleged a single cause of action under PAGA and did not allege an individual claim for

3   wage recovery in his complaint.... Because he brought a representative claim, he cannot be

4   compelled to separately arbitrate whether he was an aggrieved employee").  Even if an

5   employee's individual PAGA claims may be compelled to arbitration under *Viking River*, how

6   and whether the result of the individual PAGA arbitration impacts standing is an issue of state

7   law that is not clear at this juncture.  Thus, a stay does not serve judicial economy.

8        Finally, courts in similar circumstances have refused to stay a portion of a plaintiff's claim

9   while the remainder is arbitrated.  Prior to *Viking River*, courts were often presented with requests

10  to stay from employers who contended that resolution of the Plaintiff's "individual" wage and hour

11  claims should occur prior to litigation of an employee's PAGA claims.  The same considerations

12  supporting denial of Defendant's request in this circumstance were relied on by courts denying

13  motions to stay previously.  *See, e.g., Jarboe v. Hanlees Auto Grp.*, 53 Cal. App. 5th 539, 554

14  (2020), review denied (Dec. 9, 2020) (affirming trial court's order denying stay and explaining,

15  "Because a PAGA claim is representative and does not belong to an employee individually, an

16  employer should not be able dictate how and where the representative action proceeds."); *Harper*

17  *v. Charter Commc'ns, LLC*, No. 219CV00902WBSDMC, 2021 WL 4784417, at *10 (E.D. Cal.

18  Oct.  13,  2021),  *motion  to  certify  appeal  granted,  reconsideration  denied*,  No.

19  219CV00902WBSDMC, 2022 WL 1204706 (E.D. Cal. Apr. 22, 2022) ("However, because a stay

20  would  impede  vindication  of  California's  interests  in  enforcing  the  Labor  Code  through

21  representative PAGA actions, discussed above, and because the PAGA claim represents a distinct

22  "action" in this case, the court will not stay Harper's PAGA claim."); *Tan v. GrubHub, Inc.*, 171

23  F. Supp. 3d 998, 1013 (N.D. Cal. 2016) (citing cases and discussing sound reasoning to deny

24  request for stay of later-filed PAGA action in favor of prior action); *see also Guzman v. Walmart*

25  *Inc.*, United States District Court, Northern District of California, Case No. 21-cv-09133-NC, Dkt.

26  52 (Order Denying Defendant's Motion to Stay) (declining to stay action).

27  ///

28

1    For these reasons, Plaintiff requests that the Court conduct a scheduling conference
2 regarding the representative PAGA claim and permit the Parties to meet and confer regarding an
3 appropriate discovery plan and trial date.

4 **II.    DEFENDANT'S POSITION**

5    Plaintiff's Individual PAGA Claim: As an initial matter, Revature requests an order that
6 Plaintiff file her arbitration demand, to include her individual PAGA claims, no later than
7 **September 30, 2022.**  Now that this Court has ordered Plaintiff's individual claims to arbitration,
8 there is no cause for further delay.  Expeditious handling of her individual claims will only aid the
9 Parties and the Court in the handling of the representative matter.  Neither Plaintiff nor her counsel
10 dispute this fact.

11    The Representative PAGA Claim: Revature requests that the representative matter be
12 **stayed** pending arbitration of the individual matter.  After **requesting a stay in her Opposition**
13 **to Defendant's Motion to Compel,** (*See* ECF. 16, p. 18-19.) Plaintiff has now taken an about
14 face, opposing Defendant's reasonable request for a stay.  Although the Court declined *Plaintiff's*
15 prior request to the representative matter pending a decision by the California Supreme Court in
16 *Erik Aldoph v. Uber Technologies, Inc.,* Case No. S274671, Revature respectfully asserts that a
17 stay is nonetheless warranted.  Section 3 of the Federal Arbitration Act ("FAA") explicitly
18 authorizes a stay pending the resolution of an arbitration proceeding.  9 U.S.C § 3, stating the court
19 "*shall* on application of one of the parties stay the trial of the action until such arbitration has been
20 had in accordance with the terms of the agreement . . . ." (emphasis added).  *See Nagrama v.*
21 *MailCoups, Inc.,* 469 F.3d 1257, 1276 (9th Cir. 2006) ("If . . . [a court] decides the arbitration
22 agreement is valid and enforceable, then it should stay or dismiss the action pending
23 arbitration[.]"); *Thinkey Ink Info. Res., Inc. v. Sun Microsys., Inc.,* 368 F.3d 1053, 1060 (9th Cir.
24 2004) (holding that the district court properly exercised its discretion in dismissing an action where
25 all claims were subject to arbitration); *Franco v. Arakelian Enterprises, Inc.*, 234 Cal. App. 4th
26 947, fn. 12 (2015) (finding that under California law where there is an overlap in claims, the Court
27 should stay the non-arbitrable claims).

28

JOINT SUPPLEMENTAL STATEMENT BRIEF IN RESPONSE TO ORDER GRANTING DEFENDANT'S
MOTION TO COMPEL ARBITRATION; ORDERING SUPPLEMENTAL BRIEFING ON REMAINING
CLAIMS                                                    Case No.  5:22-cv-01745-NC

As the Court has already declined to dismiss Plaintiff's representative PAGA claim, the appropriate alternative under Section 3 is a stay.  Plaintiff's representative PAGA claims are premised on the fact that she is an aggrieved employee who allegedly suffered various labor code violations while working for Revature. (*See* ECF No. 1-4.)  It is now for the arbitrator to determine, after both sides have conducted discovery whether Plaintiff's claims have merit – i.e., whether she was, in any way, "aggrieved."  If she was not, all of her claims, including those alleged under PAGA must be dismissed.  This outcome is consistent with *Kim v. Reins*, 9 Cal. 5th 73 (2020) which **also stayed the underlying PAGA action until after the individual action was arbitrated.**  *Kim* does not hold that a PAGA plaintiff may continue to represent a group of employees if a court or arbitrator finds that no violation has occurred.  Rather, *Kim* stands only for the proposition that settling a PAGA claim (or demonstrating that a PAGA plaintiff has not suffered a monetary injury) does not deprive that employee of standing. [1]

Here, it is clear that the option that will cause the least interference, risk of overlapping and inconsistent decisions, and that will be most in line with judicial economy is to stay the action and allow Plaintiff's individual claims to be arbitrated first.  Revature acknowledges the Court's concern about the length of a stay but if Plaintiff files her arbitration demand by the end of the month, her individual claims can be arbitrated within a year or less.  Otherwise, to allow the representative and individual cases to go forward simultaneously risks inconsistent judgments, overlapping evidentiary productions, and a waste of time the Parties' and the Court's time and resources.

Many courts before and after *Viking River* have held that where the non-arbitrable PAGA claims are derivative or and/or identical to the claims being arbitrated, a stay is the appropriate remedy.  *See Anderson v. Safe Streets U.S. LLC,* No. 2:18-cv-00323-KJM (E.D. Cal., Aug. 28, 2018) (staying derivative, overlapping PAGA claim pending arbitration); *Borelli v. Black*

---

[1] *Kim v. Reins* was decided prior to *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ___, ___ [142 S.Ct. 190, 1916] and its ruling that *Iskanian* was partially preempted. Logically, therefore *Kim* does not address situations like this where it's possible for the arbitrator to determine "aggrieved employee" status early in the litigation.  The issue of how and when aggrieved employee status is determined is before the Supreme Court in *Adolph v. Uber Technologies, Inc.*

8

*Diamond Aggregates, Inc.*, No. 2:14-CV-02093-KJM-KJN, 2017 WL 1063564, at *12 (E.D. Cal. Mar. 21, 2017), *reconsideration denied*, 2017 WL 3438610 (Aug. 10, 2017), *motion to certify interlocutory appeal denied*, 2018 WL 1518678 (Mar. 28, 2018); *see also Monplaisir v. Integrated Tech Grp.,* No. C 19-01484 WHA at pp. 5 (N.D. Cal., Mar. 2, 2020) ("There is no use proceeding on the PAGA claims here . . .; All PAGA claims are STAYED pending resolution of the arbitration proceedings."); *Farfan v. SSC Carmichael Operating Co*., No. 18-cv-01472-HSG at pp. 5 (N.D. Cal., Oct. 7, 2019) ("The Court will continue to STAY the PAGA claims pending arbitration."); *Shephardson v. Adecco USA, Inc.*, No. 15-cv-05102-EMC, 2016 WL 1322994, *6 (N.D. Cal. April 5, 2016); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857 at 863-64 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. . . . In such cases, the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it."); *Jacobson v. Snap-on Tools Co.,* 2015 WL 8293164, at *6 (N.D. Cal. Dec. 9, 2015) (granting the defendant's motion to compel arbitration on all of the plaintiff's individual claims and staying the representative PAGA claim pending completion of arbitration); *Jenkins v. Sterling Jewelers, Inc*., 2018 WL 922386, at *7 (S.D. Cal. Feb. 16, 2018) (staying Plaintiff's PAGA claims pending the outcome of the arbitration proceedings of the non-PAGA claims); *Mediterranean Enters., Inc. v. Ssangyong Corp.,* 708 F.2d 1458, 1465 (9th Cir. 1983) (affirming district court's decision to stay lawsuit pending an arbitration that "might well decide issues which bear in some way on the court's ultimate disposition" of non-arbitrable claims). Here, Plaintiff's representative PAGA claim is derivative of her individual and other substantive claims. (*See* ECF No. 1-4.) Under the clear directive of 9 U.S.C. § 3, a stay is the most appropriate course of action.

///

///

///

///

1

Dated:  September 14, 2022                                    DIVERSITY LAW GROUP, P.C.

2

3                                                                        By:   _/s/ Max W. Gavron_____

4                                                                                Larry W. Lee
                                                                                     Kristen M. Agnew
                                                                                     Nicholas Rosenthal
5                                                                                Kwanporn "Mai" Tulyathan
                                                                                     Max W. Gavron
6                                                                                Attorneys for Plaintiff and the Class

7

8
Dated:  September 14, 2022                                    JACKSON LEWIS P.C.

9

10
                                                                        By:   _/s/ Swaja Khanna_____

11                                                                               Shannon B. Nakabayashi
                                                                                     Swaja Khanna
12                                                                               Attorneys for Defendant
                                                                                     REVATURE LLC

13

14    4853-4211-2562, v. 3

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                            10