UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LELYLA SHAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>REVATURE LLC,<br><br>        Defendant. | Case No. 22-cv-01745 NC<br><br>**ORDER TO SHOW CAUSE RE: ARTICLE III STANDING; CONTINUING CMC TO MAY 29, 2024, 11:30 A.M. BY ZOOM WEBINAR** |

      The Court has reviewed the joint status report at ECF 32 and needs more information before proceeding with plaintiff's representative PAGA claims. The status report and prior arguments and orders in this case have focused on statutory standing for a representative PAGA claim. *E.g.* ECF 18. But the Ninth Circuit has emphasized that Article III standing must be satisfied in a "separate inquiry" under federal law. *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013); *Cooley v. v. ServiceMaster Co., LLC*, 2024 WL 866123, at *2 (9th Cir. Feb. 29, 2024) (remanding for Article III standing inquiry).

      Before proceeding in federal court, the court must ensure that plaintiff Shams has Article III standing. *Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668, 673-74 (9th Cir. 2021). As stated in *Magadia*, to meet the "irreducible constitutional minimum" of standing, a plaintiff must have (1) suffered an "injury in fact," (2) that is "fairly traceable"

to the challenged conduct, and (3) will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992). To show an injury in fact, the plaintiff "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.' " *Spokeo, Inc. v. Robins*, ––– U.S. ––––, 136 S. Ct. 1540, 1548, 194 L.Ed.2d 635 (2016) (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130). For an injury to be concrete, it "must actually exist." *Id.* Standing must "persist throughout all stages of [the] litigation." *Hollingsworth v. Perry*, 570 U.S. 693, 705, 133 S. Ct. 2652, 186 L.Ed.2d 768 (2013).

Furthermore, States "have no power directly to enlarge or contract federal jurisdiction." *Fiedler v. Clark*, 714 F.2d 77, 80 (9th Cir. 1983) (per curiam) (simplified). Ultimately, "standing in federal court is a question of federal law, not state law." *Hollingsworth*, 570 U.S. at 715, 133 S. Ct. 2652; *Magadia*, 999 F.3d at 674-675.

In *Magadia*, the Ninth Circuit held that the plaintiff did not establish Article III standing to bring a PAGA claim for Walmart's meal-break violations because he himself did not suffer injury. 999 F.3d at 678.

Following *Magadia*, the Ninth Circuit recently held in *Cooley v. ServiceMaster Co., LLC,* that plaintiff Cooley had statutory standing to bring his representative PAGA claims, but remanded for a "separate inquiry" on Article III standing. 2024 WL 866123, at *2 (9th Cir. Feb. 29, 2024) (citing *Johnson v. Lowe's Home Ctrs., LLC*, 2024 WL 542830 (9th Cir. Feb. 12, 2024)). *Cooley* instructs that it is an "open question" whether that plaintiff has Article III standing to bring his representative PAGA claims. This Court is not aware of district court decisions applying *Cooley*. But in *Lawson v. Grubhub, Inc.*, 2024 WL 396183, at *4 (N.D. Cal. Feb. 1, 2024), District Court Judge Jacqueline Scott Corley took a deeper dive into the Article III standing issue and concluded that *Magadia* was still binding authority.

The Court therefore requests Shams to file a further brief establishing Article III standing over the non-individual representative PAGA claims by May 17, 2024. Revature

2

may respond by May 24.  The Court continues the Case Management Conference from May 8 to May 29, 2024, at 11:30 a.m. by Zoom video webinar.  No additional CMC statement is needed.  If the Court determines that it lacks Article III standing, then it would remand the case back to Santa Clara County Superior Court.

**IT IS SO ORDERED.**

Dated:  May 3, 2024

_____
NATHANAEL M. COUSINS
United States Magistrate Judge